STATE OF NEBRASKA, APPELLEE, v. MARCEL ROUNDTREE, APPELLANT.

288 N. W. 2d 50

Filed February 5, 1980.  No. 42807.

Clarence E. Danley, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

The defendant Roundtree was found guilty by a jury of a charge of having knowingly uttered and published a forged instrument with intent to defraud, and was sentenced to a term of 24 to 30 months in the Nebraska Penal and Correctional Complex. He has appealed and assigns and argues the following alleged errors claimed to have been made in the trial court:  (1) The conviction rested on the uncorroborated testimony of an accomplice and was therefore insufficient to sustain the convic-

tion. (2) The evidence was insufficient to sustain the conviction. (3) The fact of the forgery was not proved until the trial and the proof showed that the forgery was committed by someone other than the defendant. We affirm.

This appeal is wholly frivolous. A great deal of proof was available — circumstantial evidence and eyewitness and expert testimony, as well as the testimony of an accomplice. It was all presented. The evidence clearly established that the defendant knowingly passed a check on which the endorsement had been forged, he knew it had been forged, and he did so with intent to defraud. No useful precedential purpose would be served by detailing the evidence or reciting the elementary principles of law here involved. The claims that in a charge of uttering and publishing a forged instrument there must be proof that the utterer committed the forgery and that the forgery must be proved before trial can only be sham assertions.

AFFIRMED.